Mr. Don Flegal Director of Human Resources City of Little Rock 500 W. Markham — Suite 130W Little Rock, AR 72201-1428
Dear Mr. Flegal:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a provision of the Freedom of Information Act (FOIA), concerning the release of certain test scores.
You indicate that the City of Little Rock recently conducted a promotional examination for the rank of District Fire Chief in Little Rock. You have received a request for records reflecting "all component scores of each candidate for District Fire Chief." You explain that the promotion process for District Fire Chief involves the following components: (1) multiple choice written examination, (2) promotion potential rating by the Fire Chief, (3) promotion potential rating by the immediate supervisor, (4) seniority, and (5) assessment center (job simulation exercises). The combined scores from these components result in the final ranking which is then submitted to the Civil Service Commission for certification. The individual who has requested the records has not requested that the test scores be accompanied by the candidates' names. However, he has requested that all five component scores be reported as specific to a given unidentified candidate. That is, the record would report the particular scores made by "Candidate A"; the particular scores made by "Candidate B," etc. For this reason, the identity of each candidate will be ascertainable as soon as the Civil Service Commission eligibility list is certified. That is, at that time, it will be clear, for example, that "Candidate A" is actually Captain Jones, because he is ranked second on the Civil Service Commission eligibility list.
As custodian of these records, you have determined that releasing the requested scores would not constitute a clearly unwarranted invasion of the personal privacy of the candidates for Fire Chief.
I am directed by law to issue my opinion as to whether your determination, as custodian of the records, regarding the release of this file is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
It is my opinion that your determination concerning the release of these records is inconsistent with the FOIA.
You have correctly determined that the requested records constitute "personnel records," within the meaning of the FOIA, and that they must therefore be released unless their release would constitute a clearly unwarranted invasion of the personal privacy of the individuals whose records they are. A.C.A. § 25-19-105(b)(10). The Attorney General has fairly consistently taken the position that individuals' specific test scores are exempt from disclosure under this provision of the FOIA, in circumstances where the candidates' identities would be known, but that where the candidates' identities would not be known, the records reflecting this information should be released. See, e.g., Ops. Att'y Gen. Nos. 99-016; 99-002; 97-177; 97-034; 97-033; 93-079; 89-054; and other opinions cited therein. The reasoning underlying these positions has been stated as follows:
 [T]he public has a valid interest in knowing whether public employees possess a requisite level of skill to perform their duties. By the same token, the public has an interest in knowing which public employees have received specialized training. The public's interest in public employees' training and performance does not, however, extend to the actual performance by each individual public employee unless a particular employee fails to perform his or her duties properly. The public's interest is even further diminished when the performance in question took place in a training context, rather than in the context of the performance of actual duties. Information indicating specific scores is not necessary in order to satisfy the public's interest in this matter. Moreover, specific score information is sufficiently private that its disclosure could subject the affected individuals to embarrassment or could affect future employment.
Op. Att'y Gen. No. 97-033 at 4. Accord, Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992).
In light of the fact that the Civil Service Commission eligibility list will make it possible to identify the individual candidates who made particular scores, it is my opinion that the release of these scores in a separate record, even without the names of the candidates, would be tantamount to releasing the scores with the names of the candidates who made those scores. For this reason, I conclude that the test scores should not be released in the form requested. Their release under these circumstances would defeat the purpose of exempting from disclosure the names of the candidates. See Young v. Rice, supra. I note that the public's interest in knowing that their fire chief possesses the requisite qualifications is satisfied without knowing the candidates' specific scores. Under these circumstances, the public is assured that all candidates for the position have passed the required tests. I also note that in the event that the candidate who is chosen for the position of Fire Chief fails to perform his duties properly, the specific test score information will be available to the public. Id.
Finally, I must also note that if the various component scores could be provided in a way that would conceal the identities of the candidates making those scores, a court might, in the interest of fulfilling the FOIA's goal of openness, look with favor upon an argument that the information should be provided in this manner. For example, it would seem that if the scores made on each component of the test were listed together, without reference to any candidate, the identities of the candidates would be protected. (The FOIA, of course, does not require you to create records that do not already exist. See Ops. Att'y Gen. Nos.98-075; 97-048. I merely mention this approach as one that might be preferable than a decision not to provide any information.)
For the foregoing reasons, I conclude that the requested component test scores should not be released in the form requested.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh